The People of Puerto Rico, Plaintiff and Appellee, v. Francisco Carrillo, Defendant and Appellant.

No. 6350. Argued April 13, 1937.—Decided April 22, 1937.

354

*Eugenio V. Iglesias la Cruz* and *Francisco Susoni, Jr.*, for appellant.
*R. A. Gómez, Prosecuting Attorney*, for appellee.

Mr. Justice Travieso delivered the opinion of the court.

This case involves an information filed against Francisco Carrillo for the offense of carrying a weapon, which reads as follows:

". . . . on or about January 13, 1936, and at Río Grande, P. R., which forms part of the Judicial District of San Juan, P. R., illegally, wilfully, and maliciously, carried on his person for purposes of offense and defense a revolver which is a dangerous weapon with which great bodily harm could then and there be caused. This act is contrary to the statute for such cases provided and against the peace and dignity of the People of Puerto Rico."

After hearing the evidence for the prosecution and that for the defense, the District Court of San Juan convicted the defendant of the offense charged and sentenced him to thirty days' imprisonment in jail, without costs. He appealed to this court and has assigned the following three errors:

1. That the court had no jurisdition to sentence him, for the place where the offense was committed was not proved.
2. Abuse of discretion and error in weighing the evidence.
3. That the weapon was not identified.

The second and third assignments may be considered jointly. We will consider the first one separately. Let us see what the witnesses testified in connection with the same. Adolfo Díaz, a witness for the prosecution on examination by the district attorney, testified as follows:

"Q.—What is your name?
"A.—Adolfo Díaz.

"Q.—Were you at Río Grande on January 10, 1936, the date to which Álamo refers?

"A.—Yes, sir.

"Q.—Did you see something in the hands of the accused?

"A.—Yes, sir, a revolver.

"Q.—What was he doing with the revolver?

"A.—He was threatening Alamo; he was telling him: 'Let us fight with the fists or with revolvers.' "

Eulalio Rodríguez, a witness for the defendant, on examination by the defense, testified thus:

"Q.—What is your name?

"A.—Eulalio Rodríguez.

"Q.—Where do you live?

"A.—Aplmer (*sic*), Río Grande.

"Q.—On January 10, 1936, where were you?

"A.—On said date, I was going with my wife in a car with another family. Manuel Figueroa and this boy and another friend left the town to go to Mameyes and Alamo said: 'There goes that blatherskite.'

"   *       *       *       *       *       *       *

"Q.—And what participation did defendant Carrillo have in this matter?

"A.—He was on the ouside of the car and he also got off with Figueroa. He got off in the same attitude of the other to intervene, but policeman Nazario had asked us to go."

According to said statements, the district attorney proved that the offense was committed in Río Grande. The testimony of his witnesses reveals that it was very near to the entrance hall of the building occupied by the court of said town. The first error was not committed. However, the evidence could have been clearer and more convincing, for which reason we must repeat here what we said in *People* v. *Amorós,* 31 P.R.R. 481, and later in *People* v. *Canales,* 34 P.R.R. 378, thus:

". . . . and prosecuting attorneys should not rely entirely upon this court to sustain every judgment in a criminal case, regardless of the manner in which the same is conducted, merely because the defendant is shown to have committed an offense."

■■ The second and third errors were not committed. Agustín Alamo, a witness for the Government, in answer to questions put to him by the district attorney, testified that he was sure that the accused had a revolver in his hands; and answering questions asked by the defense, he stated that the revolver was black; that he saw that part of it which the accused did not have in his hands (the barrel); that "it was a revolver" and "not anything else having the shape of a revolver." Lastly, when asked by the defense if he saw "a thing in the shape of a revolver," he answered: "No, I saw a revolver." Adolfo Díaz, the other witness of the district attorney, also stated to the district attorney and to the defense that he saw that the defendant had a revolver.

The court, then, did not err in weighing the evidence or in deciding that the weapon had been identified. It was not necessary to present the weapon in evidence. *People* v. *Cartagena,* 37 P.R.R. 261; *People* v. *Alvarez,* 50 P.R.R. 100. Nor can we say that there was an abuse of discretion.

The judgment appealed from must be affirmed.